### Charlie Carr v. The State.

#### No. 4436.     Decided February 17, 1909.

**Robbery—Fraudulent Intent—Charge of Court.**

Where upon trial for robbery the evidence showed the alleged robbery grew out of a game of cards, and that defendant and the prosecuting witness were engaged in said game at the time, and it was sharply controverted as to whether the defendant or the prosecuting witness was entitled to the money, this question should have been pertinently presented, as requested, to the jury as to whether or not defendant had any fraudulent intent, or honestly believed the money belonged to him.

Appeal from the District Court of Rockwall. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*T. B. Ridgell,* for appellant.—Citing, Smith v. State, 81 S. W. Rep., 713; Glenn v. State, 49 Texas Crim. Rep., 349; 92 S. W. Rep., 806.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at five years confinement in the penitentiary.

The evidence in this case shows that the allegation of robbery grew out of a game of cards between appellant and the prosecuting witness, in which the prosecuting witness claims that appellant forced him by duress and threats to turn over certain money that had been placed as a wager upon the game of cards or craps.

Appellant asked the court to give the following charge: "Among the essential elements necessary to constitute the offense of robbery, is that there must be fraudulent intent in the taking of the property at the time. A fraudulent taking is a taking of property with an intent to deprive a person of property that belongs to another. Now, you are instructed that, if you believe from the evidence that the property was taken by defendant, if it was, still if you believe there was no fraudulent taking, and if the defendant took same under an honest claim of right believing it was his property, then you will find defendant not guilty. And

if you have a reasonable doubt whether such are the facts in the case, you will find defendant not guilty." While a claim of ownership is not always or necessarily a defense in cases of robbery, we think under the peculiar facts of this case, this charge should have been given. The facts in this case very meagerly suggest any fraudulent intent to our minds on the part of appellant. The facts show that he and the prosecuting witness were engaged in a game of cards, and it is sharply controverted as to whether he, appellant, or the prosecuting witness was entitled to the money. This being the shape of this record, as we understand it, the question should have been pertinently presented to the jury as to whether or not appellant had any fraudulent intent, or that he honestly believed the money had been fairly and properly won and belonged to him. If he did, it would not be robbery.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*